### IN THE

# SURROGATE'S COURT

### OF THE

## COUNTY OF NEW YORK.

BEFORE GIDEON J. TUCKER, SURROGATE.

---

*The accounting in* JOHN O. WOODRUFF'S *Estate.*

WHERE an executor's account states that certain assets of the estate were one-third interest in a copartnership, as yet unliquidated, and it appeared the executor was surviving partner of his testator.—Held that the executor should not be attached for contempt, but his accounts should be investigated in the usual manner of practice in a Surrogate's Court.

An executor, who is a surviving partner of his testator, must produce the books and accounts of the firm.

LUTHER R. MARSH, *for Executor.*
WALDO HUTCHINS, *for Objector.*

THE SURROGATE. Emily B. Woodruff, residuary devisee under the will of John O. Woodruff, petitioned, on the 17th of April, 1862, that Marcus P. Woodruff, as executor (acting under letters testamentary issued to him and to herself as executrix), be called to account. The account

of Marcus P. Woodruff was accordingly filed September 29th, 1862, and verified in the usual manner. It appears that the testator, the executor, and a third person constituted, at the time of testator's death, the firm of Woodruff & Co., and, in the inventory of testator's estate, the value of his interest in that firm is estimated at $100,000.

Schedule E of the executor's account purports to be a "statement of property received from Woodruff & Co., for account of the estate of John O. Woodruff," amounting to about $17,000, and consisting of two notes and an item of cash. Schedule F purports to be a "statement of property received from the estate of Thomas T. Woodruff."

Objections were filed to the account on the 8th of October, as "not setting out the moneys or property which had come into Marcus P. Woodruff's hands, as executor, from the interest which John O. Woodruff had in the firm of Woodruff & Co.; and also as not setting out the interest of the estate of John O. Woodruff in his father, Thomas T. Woodruff's estate."

The then acting Surrogate, on the argument of these objections to this account, made an order on the 25th of November, that "Marcus P. Woodruff, executor as aforesaid, file his account showing the interest of the said John O. Woodruff, at the time of his death, in the copartnership firm of Woodruff & Co.," on or before the 3d of December.

In pursuance of this order, the executor files a supplemental account or affidavit, in which, while protesting against being required "to account for the interest of the testator in the copartnership firm of Woodruff & Co., which has not come into his hands as executor," he states: "That the interest of the said John O. Woodruff at the time of his death, in the said copartnership, was one individual third part thereof; the same being as yet unliquidated; and no part thereof having come into the hands of the said Marcus P. Woodruff as such executor, except to the extent as specifically stated in Schedule E, annexed to the original account."

A motion was thereupon made for an order to show cause why the executor should not be punished, as for contempt, in not complying with the order of the 25th of November, upon which argument has been had, and I am now called upon to grant an attachment.

The executor, by his counsel, insists that he has strictly and literally complied with the terms of the order of 25th November, by "showing the interest of John O. Woodruff in the copartnership firm of Woodruff & Co., at the time of his death," to have been " one undivided third part thereof; " and the counsel has then further proceeded to argue that there is no jurisdiction in this Court to compel an accounting as between partners, that being a chancery power, and only to be exercised by the Supreme Court under its equity jurisdiction.

On the other hand, it is urged by the counsel for the petitioner that the supplemental account or affidavit is evasive, contemptuous and improper; that the petitioner is entitled to obtain by the accounts of the executor and surviving partner, set forth by him according to the manner of stating accounts between copartners, a full statement of the assets of the testator; and that the Surrogate must treat the supplemental account or affidavit as a refusal to account, and punish it as a contempt.

I have no doubt whatever of the competency of the Surrogate to hold an executor, who is also a surviving partner, liable for such amounts as he shall have collected from the assets of the firm for the benefit of the estate of the testator which he represents. In the matter of the estate of *Paul Longinotto*, 2 *Bradford's Reports*, 165, the Surrogate expressly asserted that extent of jurisdiction. It is frequently necessary to exercise it in order to settle the accounts of an estate; and if it were wanting in this Court, an important defect in its powers of control over executors and administrators would exist.

While, however, I shall assert the power of the Surrogate to compel a disclosure of all assets of this nature, I

shall first exhaust the regular and usual processes for that purpose. The practice in this Court has been summarily stated in *Dayton on Surrogate's*, 3d *edition, page* 498: "If the petitioner has asked for both an account and payment, the proper proceedings are to be had to ascertain the correctness of the account. The claimant may allege objections against the account, or any of the items thereof. The executor himself, and witnesses on either side, may be examined touching the property or effects of the deceased and the disposition thereof." This is the practice, and I see no reason why it should be departed from, and the harsher means of an application for an attachment substituted at this stage of the proceedings.

I am of the opinion that the executor in this matter, by complying literally and exactly with the terms of the order of the 25th November, as he was advised of their meaning by his counsel, has designed no contempt toward the Court, and I shall vacate the order to show cause.

The executor has sworn positively that no portion of the interest, which John O. Woodruff had in his lifetime in the assets of the late firm of Woodruff & Co., has come into his hands as such executor. The petitioner, upon the objections filed to that account, may now hold the executor to the inventory, or may compel the production of the books and accounts of the late firm.